1  WALTER F. BROWN, JR. (SBN 130248)
   wbrown@orrick.com
2  JAMES A. MEYERS (Admitted *pro hac vice*)
   jmeyers@orrick.com
3  ERIC M. HAIRSTON (SBN 229892)
   ehairston@orrick.com
4  RANDALL S. LUSKEY (SBN 240915)
   rluskey@orrick.com
5  ORRICK, HERRINGTON & SUTCLIFFE LLP
   The Orrick Building
6  405 Howard Street
   San Francisco, CA  94105-2669
7  Telephone:   (415) 773-5700
   Facsimile:   (415) 773-5759
8
   MARK E. BECK (SBN 65163)
9  mbeck@orrick.com
   MICHAEL C. TU (SBN 186793)
10 mtu@orrick.com
   ORRICK, HERRINGTON & SUTCLIFFE LLP
11 777 South Figueroa Street, Suite 3200
   Los Angeles, CA  90017
12 Telephone:   (213) 629-2020
   Facsimile:   (213) 612-2499
13
   Attorneys for Defendant David Sambol

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>              Plaintiff,<br><br>     vs.<br><br>ANGELO MOZILO, DAVID SAMBOL AND ERIC SIERACKI,<br><br>              Defendants. | Case No. CV 09-3994-JFW (MANx)<br><br>**DEFENDANT DAVID SAMBOL'S NOTICE OF MOTION AND MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION**<br><br>Date:  August 30, 2010<br>Time:  1:30 p.m.<br>Judge: Hon. John F. Walter<br>Ctrm.:  Courtroom 16<br>         Spring Street Courthouse<br><br>Pre-Trial Conf:  October 1, 2010<br>Trial:              October 19, 2010 |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on August 30, 2010 at 1:30 p.m., or as soon thereafter as the matter may be heard, in the Courtroom of the Honorable John F. Walter, at 312 North Spring Street, Los Angeles, California, Defendant David Sambol will and hereby does move the Court for an order granting his Motion for Summary Judgment. This motion is made pursuant to Rule 56 of the Federal Rules of Civil Procedure on the grounds that the pleadings, the discovery and disclosure materials on file, affidavits and declarations, and any and all other materials submitted in support thereof, show that there is no genuine issue as to any material fact regarding any claim asserted against Mr. Sambol and that he is entitled to judgment as a matter of law.

In the alternative, should the Court decline to enter summary judgment dismissing the SEC's Complaint against him in its entirety, Mr. Sambol hereby moves for an order pursuant to Fed. R. Civ. P. 56(d) determining that the following material facts and items of relief are not genuinely at issue and treating these facts and items as established in this action:

1. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Countrywide's Forms 10-K for 2005 through 2007 contained a material false or misleading statement by failing to disclose that Countrywide's business model was "unsustainable."

2. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Countrywide's Forms 10-K for 2005 through 2007 materially misrepresented that Countrywide "manage[d] credit risk through credit policy, underwriting, quality control" and that Countrywide's underwriting systems improved the Company's underwriting standards.

3. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Countrywide's Forms 10-K for 2005 through 2007 materially misrepresented that Countrywide "ensure[d its] ongoing access to

the secondary market by consistently producing quality mortgages."

4. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Countrywide's Forms 10-K for 2005 through 2007 contained a material false or misleading statement by failing to disclose the Company's pursuit of a "matching strategy" pursuant to which the Company matched the terms of other loans being offered in the market, even loans offered by primarily subprime originators.

5. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that the descriptions of the term "prime" (and/or "subprime," "nonprime," and "prime non-conforming") in Countrywide's Forms 10-K for 2005 through 2007 were materially misleading because they failed to disclose what types of loans were included in those categories.

6. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Countrywide's periodic filings for 2005 through 2007 materially misrepresented that Countrywide originated "non-prime" loans but failed to disclose that these loans also included significant additional risk factors.

7. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Countrywide's Forms 10-K for 2005 through 2007 contained a material false or misleading statement by concealing any known, material risks associated with pay-option loans.

8. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Countrywide's Form 10-K for 2006 materially misrepresented that Countrywide believed it had "prudently underwritten" pay-option ARM loans.

9. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Mr. Sambol's May 24, 2005 statement described in Paragraph 99 of the Complaint was materially false or misleading.

10. The SEC cannot establish falsity and hence liability against Mr. Sambol based on its contention that Mr. Sambol's September 13, 2006 statement described in Paragraph 99 of the Complaint was materially false or misleading.

11. The SEC cannot establish Mr. Sambol's scienter and hence liability against Mr. Sambol with respect to the Countrywide Form 10-K for Fiscal Year 2005, filed with the SEC on March 1, 2006.

12. The SEC cannot establish that Mr. Sambol signed Countrywide's Form 10-K for Fiscal Year 2005, filed with the SEC on March 1, 2006, or that he substantially participated or was intricately involved in the creation of any materially false or misleading statement contained in that document.

13. The SEC cannot establish that Mr. Sambol signed any of Countrywide's periodic SEC filings before he became President and Chief Operating Officer of the Company in September 2006 or that he substantially participated or was intricately involved in the creation of any materially false or misleading statement contained in any such document.

14. The SEC cannot establish scienter and hence liability against Mr. Sambol with respect to the Countrywide Form 10-K for Fiscal Year 2006, filed with the SEC on March 1, 2007.

15. The SEC cannot establish scienter and hence liability against Mr. Sambol with respect to any of Countrywide's periodic SEC filings for 2005 through 2007.

16. The SEC cannot establish scienter and hence liability against Mr. Sambol with respect to his May 24, 2005 statement described in Paragraph 99 of the Complaint.

17. The SEC cannot establish scienter and hence liability against Mr. Sambol with respect to his September 13, 2006 statement described in Paragraph 99 of the Complaint.

//

1  The motion is based on this Notice and the accompanying Memorandum of
2  Points and Authorities, Defendants' Joint Memorandum of Points and Authorities
3  in Support of Defendants' Motions for Summary Judgment or Adjudication ("Joint
4  Memorandum"), the Statement of Uncontroverted Facts and Conclusions of Law
5  accompanying the Joint Memorandum, the Request for Judicial Notice
6  accompanying the Joint Memorandum, the Declaration of Daniel Lefler and
7  exhibits thereto, all other papers on file in the action, oral argument of counsel, and
8  other such matters as may be judicially noticed or come before the Court at the
9  hearing on this matter.

10  This motion is made following the conference of counsel pursuant to
11  L.R. 7-3, which took place on July 21, 2010.

12  For the foregoing reasons, Mr. Sambol's motion for summary judgment
13  should be granted.

14  Dated: August 2, 2010                    ORRICK, HERRINGTON & SUTCLIFFE LLP

16                                             By:    */s/ Walter F. Brown, Jr.*
17                                                    Walter F. Brown, Jr.
                                                      Attorneys for Defendant David Sambol