David F. Taylor, Bar No. 129654
DFTaylor@perkinscoie.com
Sean C. Knowles (*Pro Hac Vice Forthcoming*)
SKnowles@perkinscoie.com
PERKINS COIE LLP
1201 Third Avenue, Suite 4800
Seattle, WA 98101-3099
Telephone: 206.359.8000
Facsimile: 206.359.9000

Monica M. Ortiz, Bar No. 259282
MOrtiz@perkinscoie.com
PERKINS COIE LLP
1888 Century Park East, Suite 1700
Los Angeles, California 90067-1721
Telephone: 310.788.9900
Facsimile: 310.788.3399

Specially Appearing Attorneys for Non-Party
Subpoenaed Witness John P. McMurray

FILED
2010 AUG 31 PM 4:00
CLERK U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIF.
LOS ANGELES

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION

| | |
|---|---|
| UNITED STATES SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>ANGELO MOZILO, DAVID SAMBOL and ERIC SIERACKI,<br><br>Defendants. | Case No. CV 09-3994 JFW (MANx)<br><br>**NOTICE OF MOTION AND MOTION TO QUASH TRIAL SUBPOENA OF NON-PARTY WITNESS JOHN P. MCMURRAY; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date: October 4, 2010<br>Time: 1:30 p.m.<br><br>Courtroom: 16<br>Judge: Hon. John F. Walter<br><br>*[Filed concurrently with Declarations of John P. McMurray and Sean C. Knowles; Supporting Exhibits; and [Proposed] Order]* |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD**

**PLEASE TAKE NOTICE THAT** on October 4, 2010 at 1:30 p.m., or as soon thereafter as the matter may be heard in the courtroom of the Honorable John F. Walter, United States District Judge, located at 312 North Spring Street, Los Angeles, California, Non-Party Subpoenaed Witness John McMurray will and hereby does move to quash plaintiff Securities and Exchange Commission's ("SEC") Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action dated August 3, 2010 ("Subpoena") on the grounds that the Subpoena imposes an undue burden on him. Mr. McMurray, and counsel specially appearing on his behalf, make this special appearance solely for purposes of challenging the Subpoena by way of this motion to quash and do not waive any of Mr. McMurray's objections, rights or defenses.

This motion is made pursuant to Federal Rule of Civil Procedure 45 and is based on this Notice of Motion, the Memorandum of Points and Authorities in Support Thereof, the Declarations of John P. McMurray and Sean C. Knowles and exhibits thereto, all filed herewith, and all papers, pleadings, documents, arguments of counsel, and other materials presented before or during the hearing on this motion, and any other evidence and argument presented to the Court.

Pursuant to California Central District Local Rule 16-12(g) (action to quash a subpoena), Mr. McMurray is exempt from Local Rule 7-3's meet and confer requirement.

DATED: August 31, 2010

PERKINS COIE LLP

By: _____
Monica M. Ortiz

Specially Appearing Attorneys for Non-Party Subpoenaed Witness John P. McMurray

# TABLE OF CONTENTS

| | Page |
|---|---|
| I. INTRODUCTION | 1 |
| II. FACTUAL BACKGROUND | 3 |
|     A. Movant John McMurray | 3 |
|     B. Mr. McMurray's Five Days of Investigatory Testimony | 3 |
|     C. The SEC's Subpoena for Mr. McMurray's Deposition Testimony | 4 |
|     D. The SEC's Application to Take Trial Testimony from Mr. McMurray Via Deposition in Seattle, Washington | 4 |
|     E. The Court Holds a Hearing, and the Agreement Is Memorialized in a Court Order | 6 |
|     F. Despite the Order, the SEC Serves Mr. McMurray with a Trial Subpoena | 7 |
| III. ARGUMENT | 8 |
|     A. The Dodd-Frank Act Does Not Preclude a Trial Court from Quashing a Trial Subpoena That Imposes Undue Burden on a Non-Party Pursuant to Rule 45 | 8 |
|     B. The Subpoena Imposes an Undue Burden on Mr. McMurray | 10 |
|     C. Sanctions Are Warranted Under Rule 45(c)(1) Due to the SEC's Failure to Satisfy Its Burden to Avoid Imposing Undue Burden on Mr. McMurray | 13 |
| IV. CONCLUSION | 14 |

# TABLE OF AUTHORITIES

**Page**

## CASES

Casabona Properties, LLC v. Convire, Inc., No. 08-cv-1992 (KSH)(MAS), 2010 WL 331346, at *2 (D.N.J. Jan. 20, 2010) ................................................................. 10

Exxon Shipping Co. v. U.S. Dep't of Interior, 34 F.3d 774 (9th Cir. 1994) .................. 9

Garner Constr., Inc. v. Int'l Union of Operating Eng'rs, No. C07-775MJP, 2007 WL 4287292, at *2 (W.D. Wash. Dec. 4, 2007) ................................................................. 9

In re Shubov, 253 B.R. 540 (9th Cir. BAP 2000) ................................................... 11, 14

Kutrip v. City of St. Louis, No. 4:05-cv-358 (CEJ), 2009 WL 2386072, at *1 (E.D. Mo. July 30, 2009) ................................................................................................ 10

Perera v. U.S. Fid & Guar. Co., No. 8:02-CV-688-EAJ, 2007 WL 4247699, at *1 (M.D. Fla. Dec. 3, 2007) .................................................................................... 10, 11

Robinson v. Stanley, 2010 WL 1005736, at *3 (N.D. Ill. March. 17, 2010) .................. 9

WM High Yield v. O'Hanlon, 460 F. Supp. 2d 891 (S.D. Ind. 2006) ............................ 9

## STATUTES

Dodd Frank Wall Street Reform and Consumer Protection Act, Pub. L. No. 111-203, § 929E(b), 124 Stat. 1376 (2010) ................................................................................ 8

## REGULATIONS AND RULES

Fed. R. Civ. P. 45(c)(1) ............................................................................................. 11, 13

Fed. R. Civ. P. 45(c)(3)(A)(ii) ..................................................................................... 8, 11

Fed. R. Civ. P. 45(c)(3)(A)(iv) .................................................................................... 8, 9

Fed. R. Civ. P. 45(c)(3)(B)(iii) ......................................................................................... 8

Fed. R. Civ. P. 45(c)(3)(C) .............................................................................................. 9

## OTHER AUTHORITIES

9 James Wm. Moore et al., Moore's Federal Practice § 45.32 (3d ed. 2010) ................. 9

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Non-party John McMurray respectfully moves to quash the Subpoena to Appear and Testify at a Hearing or Trial in a Civil Action (the "Subpoena") served by plaintiff Securities and Exchange Commission ("SEC") because the Subpoena (1) breaches the SEC's prior agreement "to waive all rights to seek additional testimony from McMurray in this litigation"; and (2) effectively imposes on Mr. McMurray the undue burden of providing trial testimony twice.

Mr. McMurray provided the SEC with five days of testimony during its investigation of Countrywide Financial Corporation ("Countrywide"). Despite having already imposed that burden on Mr. McMurray, the SEC moved this Court during discovery for an order allowing Mr. McMurray's deposition to exceed the limit of one day of seven hours imposed by the Civil Rules. The SEC repeatedly represented to the Court that it needed additional time for Mr. McMurray's deposition because he resided in Seattle, Washington and could not be subpoenaed to testify at trial. The SEC insisted that it needed additional deposition testimony from Mr. McMurray to serve as trial testimony.

In order to resolve the SEC's motion, and with the approval and encouragement of the Court, Mr. McMurray and the SEC agreed that he would appear for up to 14.5 hours of additional deposition testimony; in exchange, the SEC and the defendants agreed to waive all rights to seek further testimony from Mr. McMurray. The Court entered an order (originally drafted and submitted by the SEC) reflecting the parties' agreement: "[i]n exchange for McMurray's voluntary agreement to appear for an additional day of testimony on August 4, 2010, the parties have agreed to waive all rights to seek additional testimony from McMurray in this litigation. . . ." *See* Order Re: Plaintiff Securities and Exchange Commission's *Ex Parte* Application for an Order Granting Relief from the

Presumptive Deposition Duration Limitation Set Forth in Rule 30(d)(1) and Allocating Deposition Time Among the Parties With Respect to the Deposition of John P. McMurray, Former Chief Credit Risk Officer of Countrywide Financial Corporation [Dkt. No. 136] (the "Order"), at 1.[1]  Mr. McMurray subsequently testified for 14.5 hours over two days in full satisfaction of the Order and the agreement with the SEC.

Now, despite the SEC's prior representations to the Court, despite the SEC's prior agreement with Mr. McMurray, and despite the fact that Mr. McMurray has fully satisfied his obligations by providing a full 14.5 hours of deposition testimony intended to serve as trial testimony in this matter, the SEC has served Mr. McMurray with a trial subpoena purporting to require him to appear and provide yet more testimony at trial.  The SEC's sole basis for doing so is that it was recently granted nationwide trial subpoena power.  Yet the SEC's expanded powers do not void the SEC's agreement with Mr. McMurray.  Nor do those powers erase the fact that Mr. McMurray has already provided extended deposition testimony that the SEC represented would serve as trial testimony.  Mr. McMurray respectfully requests that the Court quash the SEC's trial subpoena on the ground that it breaches the SEC's agreement and imposes an undue burden on Mr. McMurray by requiring him to provide duplicative and cumulative trial testimony.  Furthermore, in light of the SEC's outrageous conduct and its failure to take reasonable steps to minimize the undue burden on Mr. McMurray, Mr. McMurray respectfully requests that the Court award Mr. McMurray his fees and costs in connection with this motion.

---

[1] A copy of the Order is attached as Exhibit E to the accompanying Declaration of Sean C. Knowles ("Knowles Decl.").

## II. FACTUAL BACKGROUND

### A. Movant John McMurray

As set forth in the accompanying declaration of John P. McMurray ("McMurray Decl."), non-party Mr. McMurray is currently employed as the Chief Risk Officer of the Federal Home Loan Bank of Seattle ("FHLB") and will begin a new job as the Chief Risk Officer of Russell Investments in early September 2010. McMurray Decl. ¶¶ 1, 2. Prior to the commencement of his service as the Chief Risk Officer of the FHLB in May 2009, Mr. McMurray was employed as the Chief Risk Officer at Washington Mutual and JPMorgan Chase (September 2007 through December 2008) and as a consultant. Id. ¶ 1. Prior to those positions, Mr. McMurray was employed by Countrywide between September 2003 and September 2007 in risk management positions, including as Chief Risk Officer. Id.

### B. Mr. McMurray's Five Days of Investigatory Testimony

As part of the SEC's investigation of Countrywide, Mr. McMurray sat for five full days of SEC investigative testimony in 2008 and 2009 (the "Investigatory SEC Testimony"). McMurray Decl. ¶ 4. Mr. McMurray appeared for the testimony pursuant to subpoena, and he cooperated fully with the SEC, answering all questions posed by the SEC. Id. Mr. McMurray also produced documents relating to his employment with Countrywide to the SEC pursuant to an SEC subpoena. Id. After the SEC filed its complaint in this action, Mr. McMurray sat for two days of testimony in July and August pursuant to an agreement reached among the parties and reflected in the Order entered by Magistrate Judge Nagle, as discussed in detail below. McMurray Decl. ¶ 8.[2]

---

[2] In addition to his five days of Investigatory SEC Testimony and two days of testimony in this action, Mr. McMurray has, as of the date of this filing, provided four days of deposition testimony in connection with various other civil litigation pertaining to Countrywide. McMurray Decl. ¶ 5.

### C. The SEC's Subpoena for Mr. McMurray's Deposition Testimony

In or about early April 2010, counsel for the SEC notified Mr. McMurray's counsel that the SEC intended to notice Mr. McMurray's deposition in this action. Knowles Decl. ¶ 2. The SEC raised the issue again in early June 2010 and, given Mr. McMurray's extensive prior testimony pertaining to Countrywide and the associated disruptions to his work responsibilities and consistent with the presumptive deposition limitations set forth in Federal Rule of Civil Procedure ("Rule") 30(d)(1), counsel for Mr. McMurray made clear that Mr. McMurray was only willing to sit for one day of deposition testimony. *See* Declaration of Spencer E. Bendell in Support of Plaintiff Securities and Exchange Commission's *Ex Parte* Application for an Order Granting Relief from the Presumptive Deposition Duration Limitation Set Forth in Rule 30(d)(1), With Respect to the Deposition of John P. McMurray, Former Chief Credit Risk Officer of Countrywide Financial Corporation [Dkt. No. 120-2] ("Bendell Decl.") Ex. 5. On June 30, 2010, Mr. McMurray was served with a deposition subpoena from the SEC. McMurray Decl. ¶ 6. The SEC's deposition subpoena sought three days of testimony from Mr. McMurray, on July 7, 22 and 23, 2010.

### D. The SEC's Application to Take Trial Testimony from Mr. McMurray Via Deposition in Seattle, Washington

On June 21, 2010, counsel for the SEC notified Mr. McMurray's counsel that the SEC would be filing a motion seeking relief from the Court from the presumptive deposition durational limitations set forth in Rule 30(d)(1) with respect to the deposition of Mr. McMurray. *See* Knowles Decl. ¶ 4. Later that day, the SEC filed Plaintiff Securities and Exchange Commission's *Ex Parte* Application for an Order Granting Relief from the Presumptive Deposition Duration Limitation, Set Forth In Rule 30(d)(1), With Respect to the Deposition of John P. McMurray, Former Chief Credit Risk Officer of Countrywide Financial Corporation [Dkt. No.

120] (the "Application for Trial Testimony"), and supporting briefing. The SEC sought relief from the Court to take three days of deposition testimony totaling 21 hours from Mr. McMurray and represented to the Court that good cause existed for extended testimony from Mr. McMurray because "McMurray . . . resides in Seattle, Washington, and thus cannot be compelled to appear at trial (and has refused to agree to appear at trial)." Memorandum of Points of Authorities in Support of Plaintiff Securities and Exchange Commission's *Ex Parte* Application for an Order Granting Relief from the Presumptive Deposition Duration Limitation Set Forth in Rule 30(d)(1), With Respect to the Deposition of John P. McMurray, Former Chief Credit Risk Officer of Countrywide Financial Corporation [Dkt. No. 120-1] ("Memorandum") at 1.

The Court invited counsel for Mr. McMurray to submit its position on the Application for Trial Testimony. In response, counsel for Mr. McMurray submitted a June 23, 2010 letter to the Court advising that Mr. McMurray would appear for two days of deposition testimony "if (i) the parties agree to waive any rights to compel further testimony, and (ii) the second day of deposition occurs on August 17, the next convenient day for Mr. McMurray, whose duties as Chief Risk Officer of the Federal Home Loan Bank of Seattle are demanding and extensive." June 23, 2010 Letter from D. Taylor to Hon. M. Nagle, Knowles Decl. Ex. B, at 2.

In its reply brief, the SEC again represented to the Court that Mr. McMurray "cannot be compelled to appear at trial," concluding "[h]ence, it's essential that the Commission be afforded the opportunity to obtain admissible evidence by having a full and fair opportunity to depose McMurray." Reply Brief in Support of Plaintiff Securities and Exchange Commission's *Ex Parte* Application for an Order Granting Relief from the Presumptive Deposition Duration Limitation Set Forth In Rule 30(d)(1), With Respect to the Deposition of John P. McMurray, Former Chief Credit Risk Officer of Countrywide Financial Corporation [Dkt. No. 126] ("Reply Brief") at 2.

### E. The Court Holds a Hearing, and the Agreement Is Memorialized in a Court Order

On July 1, 2010, Magistrate Judge Nagle held a telephonic hearing to consider the SEC's Application for Trial Testimony. During the hearing, counsel for Mr. McMurray stated that Mr. McMurray offered to appear for two days of deposition testimony provided that "the SEC and the Defendants [agree] to waive any rights that they would have to seek further testimony from Mr. McMurray...." *SEC v. Mozilo*, No. 09 CV 3994, July 1, 2010 Transcript of Telephonic Hearing Before Magistrate Judge Nagle ("Hearing Tr.") at 5; Knowles Decl. Ex. D. Magistrate Judge Nagle "strongly suggest[ed]" that the SEC accept Mr. McMurray's "generous offer" of two days of testimony, noting that it was "double what the Court allows" and recognizing that Mr. McMurray had already given extensive testimony pertaining to Countrywide. Hearing Tr. at 7. During the hearing, Magistrate Judge Nagle also requested that Mr. McMurray agree to provide an extra thirty minutes of testimony over the two days in order to permit the Court to more equitably divide the time for questioning among the parties. Hearing Tr. at 17-22. Mr. McMurray subsequently agreed to provide that accommodation. McMurray Decl. ¶ 7.

During the hearing, the parties again acknowledged that Mr. McMurray was unavailable to appear as a trial witness in this district under applicable law and that Mr. McMurray's two days of testimony pursuant to the agreement would be for purposes of obtaining testimony for use at trial: "MR. LEFFLER [sic]: This is, for all practical purposes, trial testimony. At the trial, the Commission would do its examination first, and we think that that's the way that it ought to proceed here. THE COURT: That would seem to make sense to me." Hearing Tr. at 13-14.

At the end of the hearing, Magistrate Judge Nagle requested that "the SEC ... prepare a proposed order *that sets forth accurately the parties' agreement* and the Court's ruling .... *And what I want to make sure I have crystal clear is the*

*agreement that has been reached with respect to the waiver of rights to seek further testimony* except – I want to make sure the 'except' is exactly as Mr. McMurray's counsel wishes it to be and as counsel understands it to be, both the SEC and Defense counsel." Hearing Tr. at 24 (emphasis added). The resulting order, drafted and submitted by the SEC, does just that: "[i]n exchange for McMurray's voluntary agreement to appear for an additional day of testimony on August 4, 2010, *the parties have agreed to waive all rights to seek additional testimony from McMurray in this litigation*, except that, to the extent that McMurray submits a declaration in this litigation that contradicts any of his prior sworn testimony concerning Countrywide Financial Corporation, any party may seek leave of the Court to take additional deposition testimony from McMurray." Order at 1 (emphasis added); Knowles Decl. Ex. E.[3]

### F. Despite the Order, the SEC Serves Mr. McMurray with a Trial Subpoena

On July 7, 2010, Mr. McMurray provided the first day of approximately 7.5 hours of testimony pursuant to the Order. Knowles Decl. ¶ 9. On August 4, 2010, Mr. McMurray provided the second day approximately 7 hours of testimony pursuant to the Order. Knowles Decl. ¶ 10. Mr. McMurray's testimony fully satisfied his obligations. *See SEC v. Mozilo*, No. 09 CV 3994, McMurray Depo. Tr., Aug. 4, 2010, 615:1-16, Knowles Decl. Ex. G.

Despite the fact that Mr. McMurray's testimony pursuant to the Order fully satisfied his obligations thereunder, on August 4, the SEC served Mr. McMurray's

---

[3] Immediately after the hearing on July 1, 2010 and prior to the submission of the Order, the parties entered into a written letter agreement. Knowles Decl. Ex. C. Although the written letter agreement describes the parties' agreement as not to seek any additional "deposition testimony" from Mr. McMurray, this letter was drafted consistent with the parties' acknowledgements during negotiations that Mr. McMurray was not available for trial testimony in this action. The Order, submitted by the SEC after the letter agreement was finalized, is consistent with the context of these negotiations and the SEC's representations to the Court and accurately reflects the SEC's waiver of "all rights to seek additional testimony from McMurray in this litigation." Order at 1.

counsel with a trial subpoena compelling Mr. McMurray to attend trial in this district. Knowles Decl. ¶¶ 10-11, Ex. H. The SEC's subpoena appears to be based on recently enacted legislation granting the SEC nationwide service of process for trial subpoenas. On July 21, 2010, President Obama signed into law the Dodd-Frank Wall Street Reform and Consumer Protection Act (the "Dodd-Frank Act"). Among other changes, the Dodd-Frank Act amended the Securities Exchange Act of 1934 (the "Exchange Act") by inserting the following language: "In any action or proceeding instituted by the Commission under this title in a United States district court for any judicial district, a subpoena issued to compel the attendance of a witness or the production of documents or tangible things (or both) at a hearing or trial may be served at any place within the United States. Rule 45(c)(3)(A)(ii) of the Federal Rules of Civil Procedure shall not apply to a subpoena issued under the preceding sentence." *See* Pub. L. No. 111-203, § 929E(b), 124 Stat. 1376 (2010).

### III. ARGUMENT

**A. The Dodd-Frank Act Does Not Preclude a Trial Court from Quashing a Trial Subpoena That Imposes Undue Burden on a Non-Party Pursuant to Rule 45**

Rule 45 describes the circumstances under which a court may quash or modify a subpoena, including when it "subjects a person to undue burden." Fed. R. Civ. P. 45(c)(3)(A)(iv). Pursuant to the Dodd-Frank Act, Rule 45(c)(3)(A)(ii), which *requires* a court to quash or modify a subpoena that requires a non-party to travel more than 100 miles from where that person resides to attend trial, does *not* apply to actions instituted by the SEC for alleged violations of Section 10(b) of the Exchange Act. *See* Pub. L. No. 111-203, § 929E(b), 124 Stat. 1376 (2010); Rule 45(c)(3)(A)(ii). However, the Dodd-Frank Act does not modify Rule 45(c)(3)(B)(iii), which *permits* a court to modify, quash or impose conditions on compliance with a subpoena that requires a non-party to "incur substantial expense to travel more than 100 miles to attend trial." *Id.* Specifically, the court may order

a non-party witness to incur substantial expense to travel more than 100 miles to attend trial under specified conditions where the party serving a subpoena "shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship." Rule 45(c)(3)(C)(i). Similarly, the Dodd-Frank Act does not modify Rule 45(c)(3)(A)(iv), which *requires* the court to quash a subpoena that subjects a person to undue burden.

Courts have broad discretion to determine whether a trial subpoena imposes an undue burden on a non-party under Rule 45(c)(3)(A)(iv). *Exxon Shipping Co. v. U.S. Dep't of Interior*, 34 F.3d 774, 779 (9th Cir. 1994). When assessing a motion to quash a subpoena pursuant to Rule 45, "the test for 'undue burden' is a balancing test that pits the need of the party for the sought production against the interests of the subpoenaed witness in resisting compliance." 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.32 (3d ed. 2010). Whether a subpoena imposes an undue burden depends on the relevance of the information requested, the need for the production, the breadth, particularity and time period of the request, and the burden imposed. *Garner Constr., Inc. v. Int'l Union of Operating Eng'rs*, No. C07-775MJP, 2007 WL 4287292, at *2 (W.D. Wash. Dec. 4, 2007) (citing 9 James Wm. Moore et al., *Moore's Federal Practice* § 45.32 (3d ed. 2006)); *see also Televisa, S.A. de C.V. v. Univision Commc'ns, Inc.*, No. CV 05-3444 PSG (MANx), 2008 WL 4951213, at *2 (C.D. Cal. Nov. 17, 2008). In applying this balancing test for purposes of a motion to quash, Mr. McMurray's "non-party status is a significant factor [the] court must consider when assessing undue burden for the purposes of a Rule 45 motion." *WM High Yield v. O'Hanlon*, 460 F. Supp. 2d 891, 895-96 (S.D. Ind. 2006) (granting non-party's motion to quash a subpoena under Rule 45); *Robinson v. Stanley*, 2010 WL 1005736, at *3 (N.D. Ill. March. 17, 2010) (recognizing that non-party status is a significant factor a court must consider when assessing undue burden for the purpose of a motion pursuant to Rule 45). In assessing whether to quash a trial subpoena for testimony, courts will also consider

whether the subpoenaing party can show "a substantial need for the testimony of these witnesses or that the need cannot be otherwise met without undue hardship." *Perera v. U.S. Fid & Guar. Co.*, No. 8:02-CV-688-EAJ, 2007 WL 4247699, at *1 (M.D. Fla. Dec. 3, 2007).

As set forth below, the Subpoena imposes an undue burden on Mr. McMurray and should be quashed.[4] Additionally, given that the SEC has already taken two days of the equivalent of "trial testimony" pursuant to the Order, the SEC cannot show a "substantial need" to compel Mr. McMurray to provide trial testimony a second time.

### B. The Subpoena Imposes an Undue Burden on Mr. McMurray

The Subpoena imposes an undue burden on Mr. McMurray for several reasons: (1) the SEC previously waived its rights to additional testimony from Mr. McMurray in exchange for his agreement to voluntarily appear for two days of deposition testimony totaling 14.5 hours, (2) the SEC cannot show a "substantial need" for Mr. McMurray's trial testimony because the parties acknowledged that, under applicable law at the time, Mr. McMurray was unavailable for trial and structured the two days of testimony pursuant to the agreement and Order as trial testimony as a result; and (3) time devoted to travel, trial preparation and trial testimony will impose undue burdens on Mr. McMurray's professional and personal obligations.

Put simply, the SEC's attempt to double-cross Mr. McMurray by violating its agreement as reflected in the Order constitutes an undue burden on Mr. McMurray. As the SEC represented to the Court, a crucial justification for the SEC's Application for Trial Testimony was the fact that Mr. McMurray was unavailable as

---

[4] The Subpoena is invalid for an independent reason: it fails to attach the text of Rules 45(c) and (d) as required by Rule 45(a)(1)(A)(iv). *See, e.g., Casabona Properties, LLC v. Convire, Inc.*, No. 08-cv-1992 (KSH)(MAS), 2010 WL 331346, at *2 (D.N.J. Jan. 20, 2010); *Kutrip v. City of St. Louis*, No. 4:05-cv-358 (CEJ), 2009 WL 2386072, at *1 (E.D. Mo. July 30, 2009); Knowles Decl. Ex. H.

a trial witness under applicable law. Memorandum at 1; Reply Brief at 2. Mr. McMurray's willingness to agree to appear voluntarily at trial was a key question during negotiations regarding a potential resolution to the SEC's Application for Trial Testimony. *See, e.g.*, Declaration of Paris A. Wynn In Support of Reply Brief [Dkt. No. 126-1] ¶ 8. Indeed, the fact that the SEC agreed to waive all rights to seek further testimony from Mr. McMurray was material to Mr. McMurray's decision to enter into the agreement. McMurray Decl. ¶ 9. No party disputes that Mr. McMurray fulfilled his obligations under the Order, providing approximately 14.5 hours of total deposition testimony on July 7 and August 4, 2010. Knowles Decl. Ex. G. Regardless of any intervening change changes in applicable law, the SEC agreed to waive its rights to seek additional testimony from Mr. McMurray in exchange for his agreement to voluntarily appear for 14.5 hours of deposition testimony, and the SEC has already received the benefit of its bargain. Accordingly, the SEC should be held to the terms of its agreement with Mr. McMurray as reflected in the Order. The simple fact of serving the Subpoena created an undue burden on Mr. McMurray, and the Subpoena should be quashed as a result. *In re Shubov*, 253 B.R. 540, 547 (9th Cir. BAP 2000) ("When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1).")

The SEC cannot show a "substantial need" for trial testimony from Mr. McMurray. In *Perera*, two non-party witnesses moved to quash trial subpoenas seeking testimony and documents which were served on them on Friday, November 30, 2007 for trial to begin on Monday, December 3, 2007. 2007 WL 4247699, at *1. The subpoenaing party conceded that these non-party witnesses resided outside the 100 mile radius from the court as contemplated in Rule 45(c)(3)(A)(ii). *Id.* Nevertheless, the court concluded that the subpoenaing party could not demonstrate a "substantial need" for trial testimony from these non-parties where "[b]oth of

these witnesses were deposed before trial and both parties have designated portions of their depositions to be used at trial." *Id.*

Here, the two days of Mr. McMurray's testimony pursuant to the Order were organized as trial testimony in recognition of the fact that Mr. McMurray was unavailable as a trial witness, as the SEC acknowledged during the deposition itself. *See, e.g., SEC v. Mozilo*, No. 09 CV 3994, McMurray Depo. Tr., July 7, 2010, 323:19-22, Knowles Decl. Ex. F ("MR. WYNN [SEC]: Just one objection. It's our understanding that this deposition was going to be conducted as if we were at trial, so we object to the taking of turns because I don't think that will be permissible at trial."). Mr. McMurray's testimony was videorecorded. Knowles Decl. ¶¶ 9-10. The order of questioning by the parties was structured to simulate trial testimony. Hearing Tr. at 13-14. Counsel for all parties were informed of the timing and location of the testimony in advance. Knowles Decl. ¶¶ 9-10. Mr. McMurray's testimony pursuant to the Order may be used at trial, as was the parties' clear intent at the time the Order was entered. *See* Fed.R.Civ.P. 32(a)(4)(B) (noting that a party may use a deposition of a non-party witness for any purpose if the court finds "that the witness is more than 100 miles from the place of hearing or trial").

In addition, the SEC had adequate time to prepare for the two days of Mr. McMurray's testimony provided pursuant to the Order. First, the SEC had years to review transcripts of Mr. McMurray's five days of Investigatory SEC Testimony in this action from 2008 and 2009 and months to review Mr. McMurray's three days of sworn deposition testimony from January 2010 in a separate civil action pertaining to Countrywide, *In re Countrywide Fin. Corp. Sec. Litig.*, No. CV 07-5295 MRP (MANx) (C.D. Cal). Second, although the first day of Mr. McMurray's testimony pursuant to the Order took place on July 7—just one day after the Order was issued—the July 7 date was scheduled consistent with a deposition subpoena served on Mr. McMurray by the defendants on June 7. Knowles Decl. Ex. A. In a letter to defendants' counsel dated June 17, the SEC agreed to question Mr.

McMurray "first" during the July 7 deposition, so the SEC clearly was preparing to question Mr. McMurray on July 7 as early as June 17. *See* Bendell Decl. Ex. 7. The SEC cannot demonstrate a "substantial need" for Mr. McMurray to provide trial testimony a second time—once pursuant to the Order and once pursuant to the Subpoena.

Finally, Mr. McMurray will start a new, demanding job at Russell Investments in September 2010. McMurray Decl. ¶ 2. As a result, Mr. McMurray expects to have significant work-related demands on his time. McMurray Decl. ¶ 3. Compelling Mr. McMurray to miss days of work so soon into his new job in order to travel to and provide trial testimony in this action—when Mr. McMurray has already provided seven full days of testimony relating to the claims in this action—imposes an undue burden on Mr. McMurray. McMurray Decl. ¶ 3. The Subpoena should be quashed for these reasons.

### C. Sanctions Are Warranted Under Rule 45(c)(1) Due to the SEC's Failure to Satisfy Its Burden to Avoid Imposing Undue Burden on Mr. McMurray

Pursuant to Rule 45(c)(1), a party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden on a non-party subject to the subpoena. The Court must enforce that duty and impose an appropriate sanction—which may include an award of reasonable attorneys' fees—on a party or attorney who fails to comply. Fed. R. Civ. P. 45(c)(1).

On the facts presented here, it is unreasonable for the SEC to seek to compel Mr. McMurray, a non-party, to appear, testify and produce documents at trial, regardless of any change in the law after the SEC reached its agreement with Mr. McMurray as memorialized in the Order. Mr. McMurray has already agreed to provide—and has provided—two days of "trial testimony" in Seattle pursuant to the Order in exchange for the SEC's explicit agreement "to waive all rights to seek additional testimony from McMurray in this litigation." Order at 1. The Order sets

out a single exception to the SEC's waiver—if Mr. McMurray subsequently submits a contrary declaration in this litigation—that is not implicated here.

Accordingly, service of the Subpoena by the SEC—violating the agreement it reached with Mr. McMurray after it had obtained the benefit of that agreement—is the very definition of an unreasonable step taken with knowledge that it imposes an undue burden on a non-party pursuant to Rule 45(c)(1). *See In re Shubov*, 253 B.R. at 547 ("When a subpoena should not have been issued, literally everything done in response to it constitutes 'undue burden or expense' within the meaning of Civil Rule 45(c)(1)."). Sanctions are appropriate.

## IV. CONCLUSION

For the reasons stated, the Subpoena creates an undue burden on non-party Mr. McMurray and should be quashed in its entirety pursuant to Rule 45(c)(3)(A)(iv). Furthermore, because the SEC failed to take reasonable steps to avoid imposing undue burden on Mr. McMurray in connection with the Subpoena, Mr. McMurray is entitled to his attorneys' fees and costs in connection with this motion pursuant to Rule 45(c)(1).

DATED: August 31, 2010

PERKINS COIE LLP

By: /s/ Monica M. Ortiz

Specially Appearing Attorneys for Non-Party Subpoenaed Witness John P. McMurray