1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DLA PIPER LLP (US)**
SHIRLI FABBRI WEISS (Bar No. 079225)
shirli.weiss@dlapiper.com
401 B Street, Suite 1700
San Diego, CA  92101-4297
Tel:  (619) 699-2700  |  Fax:  (619) 699-2701

NICOLAS MORGAN (Bar No. 166441)
nicolas.morgan@dlapiper.com
1999 Avenue of the Stars, Suite 400
Los Angeles, CA  90067-6022
Tel:  (310) 595-3000  |  Fax:  (310) 595-3300

DAVID PRIEBE (Bar No. 148679)
david.priebe@dlapiper.com
JEFFREY B. COOPERSMITH (Bar No. 252819)
jeff.coopersmith@dlapiper.com
2000 University Avenue
East Palo Alto, CA 94303-2248
Tel:  (650) 833-2000  |  Fax:  (650) 833-2001

Attorneys for Defendant ERIC P. SIERACKI

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>     *Plaintiff*,<br><br>  vs.<br><br>ANGELO MOZILO, DAVID SAMBOL, and ERIC SIERACKI,<br><br>     *Defendants*. | CV 09-03994 JW<br><br>**REVISED JOINT BRIEF REGARDING ERIC P. SIERACKI'S MOTION IN LIMINE #1 TO EXCLUDE EVIDENCE AND ARGUMENT CHALLENGING ADEQUACY, ACCURACY OR GAAP-COMPLIANCE OF COUNTRYWIDE'S FINANCIAL STATEMENTS DURING RELEVANT PERIOD**<br><br>Date:            October 8, 2010<br>Time:           10:00 a.m.<br>Ctrm:          16<br>Judge:         Hon. John F. Walter<br>Pretrial Conf. date:   October 1, 2010<br>Trial Date:      October 19, 2010 |

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

SUMMARY OF EVIDENCE TO BE EXCLUDED ................................................. 1

SIERACKI'S MEMORANDUM OF POINTS AND AUTHORITIES ................... 3

I.    THE SEC HAS ADMITTED IT DOES NOT CHALLENGE THE ACCURACY OR  GAAP-COMPLIANCE OF THE FINANCIAL STATEMENTS, OR THE VALUATIONS AND  RESERVES THEY CONTAINED .................................................................................................... 3

II.    THE SEC SHOULD BE PRECLUDED FROM OFFERING ANY EVIDENCE THAT  CHALLENGES CFC'S FINANCIAL STATEMENTS, INCLUDING EVIDENCE  CHALLENGING VALUATION AND RESERVE METHODOLOGY AND MODELING ............................................................................................................ 6

III.   THE SEC SHOULD NOT BE PERMITTED TO CHANGE POSITION AND MOUNT A  BELATED ATTACK ON THE FINANCIAL STATEMENTS, USING AS AN EXCUSE DEFENDANTS' INTRODUCTION AT TRIAL OF THE SEC'S CONCESSIONS AND  DEFENDANTS' RELIANCE ON THE ACCURACY, GAAP-COMPLIANCE AND KPMG  AUDITS OF THE FINANCIAL STATEMENTS. .................................................................. 9

SEC'S MEMORANDUM OF POINTS AND AUTHORITIES ........................... 10

I.    INTRODUCTION ........................................................................................... 10

II.    DEFENDANTS CONCEDE THAT THE ACCURACY AND/OR PURPORTED GAAP COMPLIANCE OF COUNTRYWIDE'S FINANCIAL STATEMENTS IS IRRELEVANT AND SHOULD BE EXCLUDED .................................................................................................. 11

III.   IF DEFENDANTS OPEN THE DOOR TO THE ACCURACY AND/OR PURPORTED GAAP COMPLIANCE OF COUNTRYWIDE'S FINANCIAL STATEMENTS, THE COMMISSION IS ENTITLED TO INTRODUCE EVIDENCE IN RESPONSE ....................................................................................... 12

IV.   CONCLUSION ............................................................................................... 13

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

# TABLE OF AUTHORITIES

2

3

**Page(s)**

**FEDERAL CASES**

4

5

*Gribben v. United Parcel Service, Inc.*
  528 F.3d 1166 (9th Cir. 2008) ...................................................................7

6

7

*Huddleston v. U.S.*
  485 U.S. 681, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988) .......................7

8

9

*Monsour's, Inc. v. Menu Maker Foods, Inc.*
  2010 WL 2202804 (10th Cir. 2010) ........................................................8

10

11

*Nationwide Transport Finance v. Cass Information Systems, Inc.*
  523 F.3d 1051 (9th Cir. 2008) ...................................................................7

12

13

*Old Chief v. U.S.*
  519 U.S. 172, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997) .......................8

14

*Security State Bank v. Baty*
  439 F.2d 910 (10th Cir. 1971) ...................................................................7

15

16

*U.S. v. Pablo Varela-Rivera*
  279 F.3d 1174 (9th Cir. 2002) ...................................................................8

17

18

**OTHER AUTHORITIES**

19

20

Fed. R. Evid. 401 ...........................................................................................7

21

Federal Rule of Evidence 403 .......................................................................8

22

23

24

25

26

27

28

**IDENTIFICATION OF EVIDENCE PURSUANT TO OCTOBER 1, 2010 PRE-TRIAL CONFERENCE DIRECTIVE**

At the October 1, 2010 pre-trial conference in this matter, the Court directed the parties to re-file certain motions in limine with specific reference to each trial exhibit and passage of testimony proffered as evidence that is addressed by the motion. The Declaration of Shirli F. Weiss in support of the instant motion has been revised to list each trial exhibit designated by the SEC that appears designed to elicit or support a challenge by the SEC to the accuracy or GAAP compliance of the financial statements and/or the valuations and reserves stated or incorporated in CFC's consolidated financial statements, including CFC's methodology to set the valuations and reserves (all proffered testimony was, and remains, identified in the Weiss declaration). The Weiss declaration, Exhibit D, lists each such trial exhibit and categorizes them.

This motion seeks a prohibition on the use of these exhibits, or others, for the direct or indirect purpose of eliciting or supporting a challenge by the SEC to the accuracy or GAAP compliance of the financial statements and/or the valuations and reserves stated or incorporated in CFC's consolidated financial statements, including CFC's methodology to set the valuations and reserves. Some documents identified in Exhibit D to the Weiss declaration will serve the legitimate, non-objectionable purpose to the Defendants of explaining the information conveyed by Countrywide's financial statements and related disclosures. Those documents should not be excluded for that use by the Defendants.

**SUMMARY OF EVIDENCE TO BE EXCLUDED**

The Securities and Exchange Commission's (the "SEC") complaint did not challenge Countrywide Financial Corporation's ("CFC's") consolidated financial statements or the compliance of those financial statements with the requirements of Generally Accepted Accounting Principles ("GAAP") for the relevant period 2005 through 2007 ("Relevant Period"). The SEC designated no expert who opined, or

who was qualified to opine, on GAAP compliance or the accuracy of CFC's financial statements. In responses to discovery propounded by defendants, the SEC specifically affirmed that it was not alleging that CFC misstated its reserves or the value of its loans-held-for-sale portfolio or otherwise alleging misstated financial statements.  The SEC must now be precluded from introducing evidence designed to challenge CFC's financial statements.

Defendant Eric Sieracki seeks an order prohibiting the SEC from introducing, referencing or arguing, either in its case-in-chief or in its response to the defendants' cases (including cross-examination), the following: documents, percipient or expert testimony or other evidence which seek to challenge or impugn Countrywide Financial Corporation's ("Countrywide's" or "CFC's") consolidated financial statements or their compliance with Generally Accepted Accounting Principles ("GAAP").

The exclusion would encompass evidence and arguments that challenge or impugn the valuations and reserves stated or incorporated in CFC's consolidated financial statements, including CFC's methodology to set the valuations and reserves and the models used in developing CFC's allowance for loan losses, provision for loan losses, residual interest valuations, representations and warranties reserves, and valuation of mortgage servicing rights.

The exclusion would also encompass evidence and argument challenging or impugning values drawn from CFC's financial statements or accounting, and stated or repeated in the portions of Countrywide's public filings outside of its financial statements, or in monthly operations reports or other reports filed with the SEC. Defendants Mozilo and Sambol join this motion.  The SEC opposes this motion.

## SIERACKI'S MEMORANDUM OF POINTS AND AUTHORITIES

I.   **The SEC Has Admitted It Does Not Challenge the Accuracy or GAAP-Compliance of the Financial Statements, or the Valuations and Reserves They Contained.**

In its complaint, the SEC challenged narrative statements made in the non-financial statement portion of CFC's SEC filings for the period 2005 through 2007 (the "Relevant Period"). *See, e.g.,* Complaint, ¶¶ 20-23, 58-59, 83-100. The SEC did not allege that CFC's consolidated financial statements were misstated in the Relevant Period, nor did it allege that those financial statements did not comply with GAAP or were inaccurate.

In addition to the absence of allegations in the pleadings, and because the defense of an alleged financial fraud case would necessarily be expanded substantially beyond the defense of an alleged narrative misstatement case, the defendants specifically directed and obtained discovery to confirm that the SEC was not challenging the financial statements, including loss reserves. For example, in response to defendant David Sambol's Requests for Admission, the SEC specifically admitted without qualification that it does not contend in this action that Countrywide ever materially misstated the value of either "its held for investment loan portfolio" or "its loan loss or other credit reserves." The SEC further admitted that it did "not allege that Countrywide ever materially misstated the value of its held-for-investment portfolio" and that it did not allege that at any point in the Relevant Period "Countrywide restated or was asked to restate its financial statements." Declaration of Shirli F. Weiss in Support of Eric P. Sieracki's Motion In Limine #1 ("Weiss decl."), ¶ 4, Ex. A. Similarly, former Chief Financial Officer Sieracki propounded interrogatories to the SEC to ascertain the basis for its allegations of misstatement and to confirm that the allegations did not rest on the financial statements. In response, the SEC repeatedly referred solely to narrative statements that it quarreled with, mostly in the MD&A portion of

1  CFC's SEC filings, without ever mentioning the financial statements.  Weiss decl.,

2  ¶ 4, Ex. B.

3       Further, the SEC did not designate any expert who offered or was qualified to

4  offer any opinion concerning any inaccuracy, GAAP violation, or alleged

5  misstatement in CFC's financial statements for the relevant time.

6       Finally, in "meet and confer" correspondence with defendants as recent as

7  September 1, the SEC stated:  "The Commission has not alleged that Countrywide

8  failed to comply with GAAP and the Commission does not intend to present any

9  evidence or testimony regarding a failure to comply with GAAP."  Weiss decl., ¶

10  10.

11       But despite this admitted lack of allegations, discovery responses, or experts,

12  the SEC is now attempting a belated "back door" challenge to the financial

13  statements both affirmatively and in response to the defendants' case.  The

14  diversionary and time-consuming evidence that the SEC intends to introduce,

15  described herein, should be excluded.  Information seeking to attack methodology,

16  models and accounting used to set the valuations and reserves should be excluded

17  because it is irrelevant, misleading, and because it will spark a needless mini-trial

18  when the SEC already concedes the ultimate verdict in that mini-trial.  The

19  Complaint does not challenge the accuracy of the financial statements, the SEC

20  admitted in discovery that it was not challenging the accuracy of the financial

21  statements, and it has no expert qualified to do so.  Accordingly, the SEC cannot

22  reverse course at trial.  *See also* Mozilo Motion in Limine #2 (citing numerous

23  cases precluding a party from raising new theories at trial).

24       Nor is the defendants' planned discussion of information contained in the

25  financial statements an excuse for the SEC to mount their "back door" challenge.

26  The SEC accuses the defendants of concealing the increasing credit risk associated

27  with loans Countrywide was originating.  Those accusations are false.  Since the

28  outset of this litigation, the defendants have made their position clear that, in

addition to the robust narrative disclosures Countrywide made in its SEC filings and elsewhere, Countrywide quantified and disclosed its credit risk in its audited financial statements.  Further, the defendants have always touted that Countrywide's independent auditors reviewed those financial statements and issued clean opinions that the financial statements complied with GAAP, that Countrywide never restated its financial statements for the relevant time period, and that the SEC has never challenged their accuracy or their compliance with GAAP. These positions are critical pillars of the defense.  They are no surprise to the SEC and, in the face of them, the SEC has never disputed – indeed, has affirmatively conceded – that it is not challenging the accuracy or GAAP compliance of the financial statements.

Nevertheless, the SEC now indicates that in response, it will seek to confuse the jury and spark a time-consuming mini-trial regarding what, in the final analysis, is an uncontested issue.  The SEC intends to introduce at trial testimony and documents addressing issues with models used to prepare the financial statements, with the not so subtle goal of misleading the jury into thinking that the financial statements were inaccurate.  At the end of the day, the SEC's case does not challenge the facts that any modeling issues were addressed, the auditors knew about them and signed off on the accuracy of the financial statements, and the financial statements were accurate.  Nothing in the SEC's smoke screen "rebuts" the critical points the Defendants will make at trial—the financial statements quantified Countrywide's credit risk and the defendants knew the auditors had scrutinized and signed off on the accuracy and GAAP compliance of the financial statements.

II.     **The SEC Should Be Precluded from Offering Any Evidence that Challenges CFC's Financial Statements, Including Evidence Challenging Valuation and Reserve Methodology and Modeling.**

Although the SEC has not challenged CFC's financial statements in its complaint and admitted that it is not challenging the financial statements in responses to particularized discovery, and has proffered no expert on GAAP compliance or the accuracy of the financial statements, it is now attempting a belated "back door" challenge to the financial statements and also has given notice that it will attempt to undermine CFC's financial statements in response to the defendants' case.  First, the SEC has designated to play at trial numerous excerpts of testimony dealing with CFC's models or methodology used in the setting of valuations and reserves (notwithstanding that the SEC has specifically admitted it has not challenged reserves), for the transparent purposes of undermining the financial statements and confusing the jury.  Second, the SEC has given notice that it will attempt to preclude defendants from showing that the SEC has not challenged CFC's financial statements and from showing that the financial statements comply with GAAP (this attempt will be addressed in response to the SEC's anticipated motion).  Third, the SEC indicates that if defendants introduce evidence regarding GAAP compliance and accuracy of the financial statements, the SEC will now mount a back door challenge to the financial statements.

The SEC's proposed evidence dwells on the technical accounting, adjusting and modeling used by CFC to establish financial statement values and credit reserves that the SEC has not challenged. *See* Weiss decl., ¶¶ 7a-7h, 8-11. Exh. D. If admitted, such evidence will require many hours of defense testimony to explain and place in context to counteract the SEC's "sound bite" attempts to confuse the jury. Moreover, such evidence, if allowed, would be irrelevant, prejudicial and unfair.  The evidence could not be relevant to disproving any ultimate facts in contention, because the SEC placed no ultimate facts in contention about the

6

accuracy or GAAP compliance of the financial statements: the SEC has <u>not</u> asserted that CFC's financial statements were inaccurate, not reasonably stated or not GAAP-compliant.  It is undisputed that during the relevant period, CFC's financial statements were extensively audited by KPMG, and KPMG provided unqualified audit opinions, and the SEC has admitted that CFC was never asked to restate and did not restate its financial statements for the Relevant Period.

The SEC should not be permitted to introduce such irrelevant and prejudicial evidence.  It clearly made a conscious decision not to challenge CFC's financial statements.  Defendants relied on the absence of the SEC's challenge, on its unequivocal discovery responses, and on the absence of an expert witness proffered to challenge financial statements.  It would be unfair to allow the SEC to change its position now.

Relevant evidence is : "[e]vidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."  Fed. R. Evid. 401; *see also Huddleston v. U.S*., 485 U.S. 681, 682-92, 108 S. Ct. 1496, 99 L. Ed. 2d 771 (1988).  A challenge to the financial statements is not relevant because it is outside the pleadings; the SEC has not put at issue GAAP compliance or accuracy of CFC's financial statements, including its reserves.  Evidence is properly excluded where, as here, the evidence is outside the pleadings and has not been asserted by the plaintiff in discovery.  *Gribben v. United Parcel Service, Inc*., 528 F.3d 1166, 1171 (9th Cir. 2008) (trial court has discretion to exclude evidence that was related to an unpleaded issue); *Nationwide Transport Finance v. Cass Information Systems, Inc*., 523 F.3d 1051, 1060 (9th Cir. 2008) (a district court may exclude evidence relating to erroneous or inapplicable legal theories); *Security State Bank v. Baty*, 439 F.2d 910, 913 (10th Cir. 1971) (the trial court properly excluded an evidence deposition, on the basis that the testimony in it did not relate to the specific controversy).

MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT CHALLENGING FINANCIALS
Case No. CV 09-03994 JW

Further, such evidence would be highly prejudicial and likely to cause juror confusion. The SEC's evidence would consist of documents and testimony concerning internal processes, debates, critiques and discussions about the accounting and modeling used in generating Countrywide's financials. Such issues are commonplace among large, complex public companies and, importantly, they do not change the uncontested ultimate facts regarding the accuracy, GAAP-compliance and KPMG audit conclusions about the financial statements. The SEC could seek to introduce such evidence only to prejudice the jury by using "sound bites" that the SEC hopes will confuse and influence a layperson. Under Federal Rule of Evidence 403 even otherwise relevant evidence "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *See Old Chief v. U.S.*, 519 U.S. 172, 180-92, 117 S. Ct. 644, 136 L. Ed. 2d 574 (1997); *U.S. v. Pablo Varela-Rivera*, 279 F.3d 1174, 1179 (9th Cir. 2002).

For example, the court in *Monsour's, Inc. v. Menu Maker Foods, Inc.,* 2010 WL 2202804 (10th Cir. 2010), held that the district court properly limited examination about inventory reports and resulting financial statements based on its limited probative value and danger of unfair prejudice that could result. There, defendant sought to use plaintiff's falsified inventory reports to impeach plaintiff's testimony and documents. The court of appeals concluded that the testimony was properly limited because there was no evidence that the defendant ever relied upon the falsified inventory reports. *Id.* at *4. Here, similarly, the SEC's claims do not rely on CFC's financial statements. In addition, in *Monsour's*, the risk of unfair prejudice increased because extensively litigating unrelated reports, and inviting the jury to infer by speculation that they impacted issues in the case-in-chief, could confuse and misdirect the jury. *Id.* Moreover, the court of appeals concluded that litigating numerous collateral matters would lengthen the trial and therefore the

1   district court "acted within the wide range of permissible evidentiary rulings."  *Id.*

2

3   III.   **The SEC Should Not be Permitted to Change Position and Mount a Belated Attack on the Financial Statements, Using As an Excuse Defendants' Introduction at Trial of the SEC's Concessions and Defendants' Reliance on the Accuracy, GAAP-Compliance and KPMG Audits of the Financial Statements.**

4

5

6

7   The defendants will seek to introduce at trial the fact that the SEC has not

8   challenged the financial statements, the SEC's admissions in discovery and

9   defendants' own reliance on the accuracy and GAAP-compliance of CFC's

10  financial statements.  Defendants will show that they believed the company's

11  financial statements to be accurate and GAAP-compliant.  Defendants will show

12  that KPMG provided unqualified audit opinions, that the defendants were at all

13  times transparent with the auditors, and that the financial statements were never

14  restated for any portion of  the entire Relevant Period. [1]

15  The SEC's position seems to be that it should now be permitted  to try to

16  mount a case against the financial statements whether in its case or on cross-

17  examination of the defendants' witnesses, and dwell on issues relating to the work

18  underlying the financial statements although the SEC has already conceded that it is

19  not claiming that the result of that work – the financial statements – were non-

20  compliant with GAAP or were otherwise inaccurate.  This should not be permitted.

21  After a prolonged investigation with the resources of the government at its disposal

22  – an investigation that included an incredibly voluminous production of documents

23  from Countrywide's independent auditor and the testimony of numerous members

24  of the auditor's engagement team as well as the company's internal accounting

25  department – the SEC determined not to make a single allegation about the

26  _____

27  [1] Distinct from these defenses, the defendants will show through evidence including expert testimony that the financial statements communicated important and fulsome information to investors that was included in the total mix of information.  The SEC has indicated in meet-and-confer session that it agrees this issue is separate.

28

9                          MOTION IN LIMINE TO EXCLUDE EVIDENCE OR ARGUMENT CHALLENGING FINANCIALS
                                                                                Case No. CV 09-03994 JW

accuracy of CFC's financial statements or whether they complied with GAAP.  The SEC should not now be allowed to mount a back door challenge to the financial statements in response to defendants' case, with evidence designed to confuse the jury into believing the SEC has contended that the financial statements were somehow misstated or that they were.  GAAP compliance of the financial statements, the SEC's admissions and its lack of challenge regarding them, are important evidence to all defendants, but of special importance to the former CFO, Mr. Sieracki, who had overall responsibility for their preparation. The SEC should not be permitted to use defendants' introduction of such evidence as license to substantively attack the financial statements and the information contained therein. Allowing it to do so would both be unfairly prejudicial to defendants and significantly lengthen the trial.

## SEC'S MEMORANDUM OF POINTS AND AUTHORITIES

### I.  Introduction

Defendants cannot have it both ways.  They cannot present evidence regarding the preparation of Countrywide's financial statements and their purported compliance with GAAP while at the same time barring the Commission from presenting any evidence regarding Countrywide's financial statements in response. The evidence defendants seek to introduce is irrelevant and will only act to confuse the jury.  As the Commission has argued, it should be excluded.[2]  However, if defendants open the door to Countrywide's accounting practices and the purported GAAP compliance of its financial statements, the Commission is entitled to present evidence to rebut any false impressions such evidence is likely to create. Defendants should not be permitted to have their cake and eat it too.  Defendant Sieracki's motion should be denied.

---

[2]  *See* Plaintiff Securities and Exchange Commission's Motion *In Limine* No. 4 to Exclude Evidence Regarding Preparation of Countrywide Financial Statements and Purported Compliance with GAAP.

II.     **Defendants Concede That The Accuracy And/Or Purported GAAP
Compliance Of Countrywide's Financial Statements Is Irrelevant And Should
Be Excluded**

Defendants acknowledge that "the SEC has not put at issue GAAP
compliance or accuracy of CFC's financial statements, including its reserves."
(Motion at 6:18-19).  According to defendants, evidence regarding preparation of
the financial statements is therefore irrelevant and the Commission should be
prohibited from introducing such evidence at trial.  By defendants own logic, they
should also be prohibited from offering evidence regarding the preparation of
Countrywide's financial statements and their purported compliance with GAAP.  If
the evidence is irrelevant, as defendants concede, it should not be offered by any
party.  The Court should exclude it and grant the Commission's Motion *In Limine*
No. 4.

Defendants repeatedly claim that the Commission is seeking to introduce
evidence to mount a "back door" challenge to Countrywide's financial statements.
Not so.  It is defendants who seek to confuse the jury by presenting irrelevant
evidence regarding the preparation of Countrywide's financial statements and their
purported compliance with GAAP.  Such evidence may lead the jury to mistakenly
believe that compliance with GAAP is relevant to the MD&A disclosure at issue
and/or that the MD&A disclosures themselves somehow passed muster under
GAAP.

The case defendants rely on in support of their argument that the
Commission should be precluded from offering evidence regarding the preparation
of Countrywide's financial statements and their purported GAAP compliance
highlights the fact that ***defendants*** should be excluded from presenting such
evidence.  In *Monsour's Inc. v. Menu Maker Foods, Inc.*, 2010 WL 2202804 (10th
Cir. 2010), the court held that evidence regarding plaintiff's falsification of an
inventory report used in an unrelated transaction could be used only for the limited

11

purpose of impeachment. *Id.* at *3-4. Because the falsified report was unrelated to plaintiff's claims, the court found that admitting additional evidence regarding the report would unnecessarily lengthen the trial and "confuse and misdirect the jury." *Id.* at *4. Here, as defendants admit, "the SEC's claims do not rely on CFC's financial statements." (Motion at 7:23-24). Defendants do not seek to introduce evidence regarding the preparation of Countrywide's financial statements and their purported GAAP compliance to impeach a Commission witness. Thus, the Court should preclude defendants from admitting any evidence regarding the preparation of Countrywide's financial statements and their purported GAAP compliance to avoid potentially confusing or misdirecting the jury.

### III.    If Defendants Open The Door To The Accuracy And/Or Purported GAAP Compliance Of Countrywide's Financial Statements, The Commission Is Entitled To Introduce Evidence In Response

As discussed above and in the Commission's Motion *In Limine* No. 4, evidence regarding Countrywide's accounting practices and purported GAAP compliance is irrelevant and should be excluded. However, if defendants do introduce such evidence, the Commission is entitled to present evidence in response. It is well established that where a defendant opens the door by introducing potentially misleading evidence, the plaintiff may introduce evidence to rebut any false impressions such evidence is likely to create. *Byrd v. Maricopa County Sheriff's Dept.*, 565 F.3d 1205, 1213 (9th Cir. 2009); *U.S. v. Beltran-Rios*, 878 F.2d 1208, 1212 (9th Cir. 1989).

Here, defendants hope to introduce evidence regarding the purported accuracy of Countrywide's financial statements, their preparation, and their purported GAAP compliance. That evidence is likely to create significant confusion and mislead the jury if left unrebutted. It could create the false impression that the financial statements are at issue and that the MD&A disclosures

– that are in fact at issue – somehow passed muster under GAAP.  Moreover, the evidence the defendants seek to introduce could create the misimpression that Countrywide's financial statements provided investors fulsome disclosure of the nature and extent of Countrywide's credit risks.

In fact, the evidence shows that defendants were aware that the modeling Countrywide utilized to quantify its allowance for loan and lease losses in its financial statements did not provide a fulsome disclosure of the company's credit risks.  For example, Defendant Sieracki acknowledged in testimony that the model that Countrywide was using to predict its allowance for loan and lease losses in late 2006 was underpredicting default rates.  Declaration of Spencer E. Bendell in Support of Oppositions to Defendant Sieracki's Motions *In Limine* ("Bendell Decl."), ¶ 3, Ex. 1 (Sieracki Inv. Test. at 61:4-61:14).  Countrywide's auditors indentified significant deficiencies in the company's internal controls regarding the modeling used to quantify Countrywide's allowance for loan and lease losses.  (*See, e.g.*, Weiss Decl., ¶ 9c, Ex. D – Category 3).  And Anne McCallion, a Countrywide officer involved in the preparation of Countrywide's financial statements, also testified that the company's auditors had identified a significant deficiency with respect to Countrywide's models.  Bendell Decl., ¶ 4, Ex. 2 (McCallion Depo. at 181:16-181:19).  If defendants open the door to Countrywide's accounting practices and the purported GAAP compliance of Countrywide's financial statements, the Commission should be permitted to offer this and other evidence to avoid potential juror confusion.

IV.   **Conclusion**

For all the foregoing reasons and those set forth in the Commission's Motion *In Limine* No. 4, the Court should preclude defendants from offering evidence regarding the preparation of Countrywide's financial statements or the purported compliance with GAAP of those financial statements.  If defendants are permitted

to offer such evidence, the Commission should not be precluded from offering evidence in response.  Defendant Sieracki's motion should be denied.[3]

Respectfully submitted,

October 5, 2010                                        DLA PIPER LLP (US)

                                              By:   /s/ Shirli Fabbri Weiss
                                                    Shirli Fabbri Weiss
                                                    Attorneys for Defendant
                                                    ERIC SIERACKI

October 5, 2010

                                              By:   /s/ Spencer E. Bendell
                                                    Spencer E. Bendell
                                                    Attorney for Plaintiff
                                                    SECURITIES AND EXCHANGE
                                                    COMMISSION

---

[3] In a footnote, defendants claim that the Commission has agreed that defendants' intention to introduce "evidence including expert testimony that the financial statements communicated important and fulsome information to investors that was included in the total mix of information" is a separate issue from the issue that is the subject of this motion.  The Commission has agreed that the expert testimony defendants seek to introduce regarding what information the financial statements communicated to investors is properly addressed separately.  The Commission has not agreed that such evidence is admissible and, indeed, it is the subject of a motion *in limine* filed by the Commission.  *See* Plaintiff Securities and Exchange Commission's Motion *In Limine* No. 2 to Exclude Legal Conclusions and Evidentiary Narratives Offered By Defendants' Experts.