JOHN M. McCOY, III, Cal. Bar No. 166244
E-mail: mccoyj@sec.gov
SPENCER E. BENDELL, Cal. Bar No. 181220
E-mail: bendells@sec.gov
LYNN M. DEAN, Cal. Bar No. 205562
E-mail: deanl@sec.gov
SAM S. PUATHASNANON, Cal. Bar No. 198430
E-mail: puathasnanons@sec.gov
PARIS WYNN, Cal. Bar No. 198430
E-mail: wynnp@sec.gov

Attorneys for Plaintiff
Securities and Exchange Commission
Rosalind R. Tyson, Regional Director
Michele Wein Layne, Associate Regional Director
5670 Wilshire Boulevard, 11th Floor
Los Angeles, California 90036
Telephone: (323) 965-3998
Facsimile: (323) 965-3908

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>    vs.<br><br>ANGELO MOZILO, DAVID SAMBOL, AND ERIC SIERACKI,<br><br>    Defendants. | Case No. CV 09-3994 JFW (MANx)<br><br>**FINAL JUDGMENT AS TO DEFENDANT DAVID SAMBOL** |

The Securities and Exchange Commission having filed a Complaint For Violations of the Federal Securities Laws ("Complaint") and Defendant David Sambol ("Sambol") having entered a general appearance; consented to the Court's jurisdiction over Sambol and the subject matter of this action; consented to entry of this Final Judgment without admitting or denying the allegations of the Complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from this Final Judgment:

## I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Sambol is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

(a) to employ any device, scheme, or artifice to defraud;

(b) to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

## II.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sambol is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase

or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

### III.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sambol is permanently restrained and enjoined from aiding and abetting any violation of Section 13(a) of the Exchange Act, 15 U.S.C. § 78m(a), and Rules 12b-20, 13a-1 and 13a-13 thereunder, 17 C.F.R. §§ 240.12b-20, 240.13a-1 & 240.13a-13, by knowingly providing substantial assistance to an issuer that files annual reports with the Commission on Forms 10-K or quarterly reports with the Commission on Forms 10-Q that fail to contain material information necessary to make the required statements in the Forms 10-K or 10-Q, in light of the circumstances under which they are made, not misleading.

### IV.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Sambol shall cause to be paid an amount of $4,967,367 together with prejudgment interest thereon in the amount of $32,633 for a total of $5,000,000 representing disgorgement paid pursuant to the terms of Paragraphs 2(b) and 3 of the Consent, and a civil penalty in the amount of $520,000 pursuant to Section 20(d)(1) of the Securities Act, 15 U.S.C. § 77t(d)(1), and Section 21(d)(3) of the Exchange Act, 15 U.S.C. § 78u(d)(3).

Within twenty business days of the entry of this Final Judgment, Sambol shall satisfy the obligation to pay the aforementioned disgorgement and civil

penalty by causing to be paid $5,520,000, as directed in writing by the Commission's counsel in this action, either to the Clerk of this Court or to the designated escrow agent in the action styled *In re Countrywide Financial Corporation Securities Litigation*, Lead Case No. CV 07-05295 MRP (MANx) (C.D. Cal.) ("CFCSL"), together with a cover letter identifying Sambol as a defendant in this action; setting forth the title and civil action number of this action and the name of this Court; and specifying that payment is being made pursuant to this Final Judgment.  Sambol shall simultaneously or as soon as practicable thereafter cause to be transmitted photocopies of such payment and letter to the Commission's counsel in this action.  By making this payment, Sambol relinquishes all legal and equitable right, title, and interest in such funds, and no part of the funds shall be returned to Sambol.  Sambol shall pay post-judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

The Clerk shall deposit any funds paid to the Clerk into an interest bearing account.  These funds, together with any interest and income earned thereon (collectively, the "Fund"), shall be held in the interest bearing account until further order of the Court.  In accordance with 28 U.S.C. § 1914 and the guidelines set by the Director of the Administrative Office of the United States Courts, the Clerk is directed, without further order of this Court, to deduct from the income earned on the money in the Fund a fee equal to ten percent of the income earned on the Fund.  Such fee shall not exceed that authorized by the Judicial Conference of the United States.

The Commission may propose by motion, or the parties may propose by stipulation, a plan to distribute the Fund subject to the Court's approval.  Such a plan may provide that the Fund shall be distributed pursuant to the Fair Fund provisions of Section 308(a) of the Sarbanes-Oxley Act of 2002.

**V.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, based

1  upon Sambol's knowing and voluntary agreement in his signed Consent and
2  pursuant to Section 20(e) of the Securities Act, 15 U.S.C. § 77t(e), and Section
3  21(d)(2) of the Exchange Act, 15 U.S.C. § 78u(d)(2), Sambol shall not for three
4  years after the entry of this Final Judgment act as an officer or director of any
5  issuer that has a class of securities registered pursuant to Section 12 of the
6  Exchange Act, 15 U.S.C. § 78*l* or that is required to file reports pursuant to Section
7  15(d) of the Exchange Act, 15 U.S.C. § 78o(d).

## VI.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Sambol shall comply with all of the undertakings and agreements set forth therein.

## VII.

There being no just reason for delay, pursuant to Rule 54(b) of the Federal Rules of Civil Procedure, the Clerk is ordered to enter this Final Judgment forthwith and without further notice.

Dated:  10/15/10

_____
HONORABLE JOHN F. WALTER
UNITED STATES DISTRICT JUDGE

5